Seabron BOWLER, Jr., Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 00–2189.

United States Court of Appeals,
Sixth Circuit.

March 19, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

### ORDER

Seabron Bowler, Jr., appeals a district court judgment that dismissed his complaint in this civil action construed as filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Bowler filed his civil complaint in a Michigan district court, alleging that defendant Goliday, a fellow postal employee, defamed him after an argument between the two during the course of their employment. Plaintiff also named as defendant another fellow postal worker who allegedly witnessed the disagreement. The defendants removed the complaint to the district court, and the government certified that defendants acted within the scope of their employment with the postal service, and moved to substitute the United States as party defendant pursuant to the FTCA, 28 U.S.C. § 2679. The district court granted the government's motion, and the government subsequently moved the district court to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff was notified to file his response to the government's motion, and that the district court would then conduct a hearing. Plaintiff apparently filed a response to the government's motion, which was not docketed and does not appear of record. However, the district court addressed plaintiff's response, granted the government's motion and dismissed the complaint, concluding that oral argument was not needed. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that: (1) he was not given an opportunity to respond to the government's motion to substitute the United States as party defendant; (2) the district court dismissed his complaint before hearing his oral argument; and (3) the district court was "hand picked" by the government and was biased against him. The government essentially responds that the district court properly adjudicated this case.

■ Upon de novo review, *see Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir.1990); *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir.1990), we affirm the judgment essentially for the reasons stated by the district court in its memorandum and order filed September 7, 2000. The district court correctly concluded that it lacked subject matter jurisdiction over plaintiff's claim under the FTCA because plaintiff did not satisfy a jurisdictional prerequisite by exhausting administrative remedies before filing his claim under the FTCA. *See Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997).

■ Moreover, plaintiff's claim on appeal that he was not afforded an opportunity to respond to the motion to substitute the United States as party defendant lacks merit because 28 U.S.C. § 2679(d) mandates the substitution of the United States as party defendant in a civil action in which the government certifies, as it did in this case, that a named federal employee was acting within the scope of his or her employment at the time of the incident out

of which the claim arose. *See United States v. Smith,* 499 U.S. 160, 164 n. 5, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991); *Henson v. NASA,* 14 F.3d 1143, 1147 (6th Cir.1994); *Arbour v. Jenkins,* 903 F.2d 416, 419–21 (6th Cir.1990). Plaintiff asserts nothing on appeal that reflects that the substitution was improper in this case. The district court properly dismissed plaintiff's complaint before a hearing pursuant to a local rule that provides for such a ruling where the court determines that no hearing is needed. Finally, plaintiff's claims that the district court was "hand picked" by the government and was biased against him are conclusory. The record reflects nothing that could constitute grounds for recusal. *See Liteky v. United States,* 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.